UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY BOWSER,

      Petitioner,

v.

I. JACQUEZ (Warden, FDC SeaTac) and
C. PETERS (Director of the BOP),

      Respondent

PETITION FOR WRIT OF HABEAS CORPUS

EXPEDITED CONSIDERATION REQUESTED

**PARTIES**

1.1    Petitioner Gary Bowser is a federal prisoner in the custody of the Bureau of Prisons, at the Federal Detention Center SeaTac in Seattle, Washington.

1.2    Respondent Israel Jacquez is the Warden of Federal Detention Center SeaTac, which is within the Western District of Washington and the jurisdiction of this Court, and is named in his official capacity.

1.3    Respondent, through the Bureau of Prisons, an agency of the United States Department of Justice, is responsible for the petitioner's custody and administration of their term of incarceration, including the application of earned time credits.

**JURISDICTION**

2.1   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2241, because petitioner's term in federal custody is being executed in a manner that exceeds the lawful sentence and violates the Constitution and laws of the United States.

2.2   This Court also has jurisdiction over this action pursuant to the constitutional writ of habeas corpus and the Court's ancillary jurisdiction over management of its proceedings, vindication of its authority, and effectuation of its decrees. *Boumediene v. Bush*, 553 U.S. 723, 729 (2008); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379–80 (1994).

2.3   Petitioner invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 because the action arises out of the Constitution and laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity

2.4   Petitioner invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1343(a)(4) because they seeks to redress the deprivation of their rights guaranteed by both the Constitution and federal statutes.

**STATEMENT OF FACTS**

3.1   On February 10, 2022, Petitioner was sentenced in the Western District of Washington under cause number CR20-127RSL to 40 months of imprisonment.

3.2   Petitioner is serving their sentence at the SeaTac Federal Detention Center with a projected release date, as calculated by the BOP, of July 31, 2023.

3.3   Petitioner is eligible to receive Earned Time Credits (ETCs).

3.4   If the BOP applied the ETCs that Petitioner has earned, Petitioner would be entitled to 105 days and a release date of on or about April 17, 2023.

**JURISDICTION**

2.1   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2241, because petitioner's term in federal custody is being executed in a manner that exceeds the lawful sentence and violates the Constitution and laws of the United States.

2.2   This Court also has jurisdiction over this action pursuant to the constitutional writ of habeas corpus and the Court's ancillary jurisdiction over management of its proceedings, vindication of its authority, and effectuation of its decrees. *Boumediene v. Bush*, 553 U.S. 723, 729 (2008); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379–80 (1994).

2.3   Petitioner invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 because the action arises out of the Constitution and laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity

2.4   Petitioner invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1343(a)(4) because they seeks to redress the deprivation of their rights guaranteed by both the Constitution and federal statutes.

**STATEMENT OF FACTS**

3.1   On February 10, 2022, Petitioner was sentenced in the Western District of Washington under cause number CR20-127RSL to 40 months of imprisonment.

3.2   Petitioner is serving their sentence at the SeaTac Federal Detention Center with a projected release date, as calculated by the BOP, of July 31, 2023.

3.3   Petitioner is eligible to receive Earned Time Credits (ETCs).

3.4   If the BOP applied the ETCs that Petitioner has earned, Petitioner would be entitled to at least 105 days and a release date as early as March 18, 2023.

**REQUESTED RELIEF**

Petitioner requests that this Court –

    1)    Consider this petition on an expedited basis;

    2)    Grant the writ of habeas corpus;

    3)    Require that the Bureau of Prisons apply Petitioner's earned time credits;

    4)    Grant such other and further relief, pursuant to 28 U.S.C. § 2243, as law and justice require.

DATED this 24th day of January 2023.

Respectfully submitted,

*/s/ Gary W. Brown*

PETITION FOR WRIT OF HABEAS CORPUS